**\*\* E-filed June 8, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWIN MARTINEZ, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>ANTIQUE & SALVAGE LIQUIDATORS, INC, et al.,<br><br>    Defendants.<br>_____/ | No. C09-00997 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**[Re: Docket No. 33]** |

Plaintiffs Edwin Martinez, Roger Lindolfo, Wilmer Ruiz, Gabriel Franco, Oscar Rodriguez, and Amado Martinez (collectively, "Plaintiffs") were hourly employees of defendant Antique & Salvage Liquidators, Inc. ("ASL"), an electronic waste recycler.

In their original complaint filed in March 2009, Plaintiffs alleged that ASL committed various wage and hour violations by failing to pay overtime, allow Plaintiffs to take required meal periods, and provide accurate pay statements. (Docket No. 1.) Roughly seven months later, on October 14, 2009, Plaintiffs submitted a written notice to the California Labor and Workforce Development Agency ("LWDA") and to ASL alleging various violations of California wage and hour laws. (Second Amended Complaint ("SAC") ¶ 64.) The LWDA responded 55 days later on December 8, 2010 that it would not be pursuing an investigation, and Plaintiffs claim that ASL did not cure the alleged violations. (SAC ¶¶ 65-66.)

Pursuant to the parties' stipulation and with leave of the court, on February 11, 2010, Plaintiffs filed their First Amended Complaint ("FAC"), adding new defendants[1] and adding for the first time a cause of action under the California Labor Code Private Attorneys General Act, Cal. Lab. Code §§ 2689 *et seq*. ("PAGA"), for "civil penalties" based on predicate violations of Labor Code §§ 510 and 558. (*See* FAC ¶¶ 58, 59 & 62.) (Docket No. 25.) After filing the FAC, Plaintiffs realized that their PAGA claim did not include all of the underlying wage and hour violations that had been alleged in their written notice to the LWDA. Thus, on March 29, 2010, again pursuant to the parties' stipulation and with leave of the court, Plaintiffs filed their SAC, amending their PAGA claim to include additional predicate Labor Code violations -- *i.e.*, violations of Labor Code §§ 512 and 226.7 (SAC ¶58); 201, 202, and 203 (SAC ¶ 60); 226(a), 226(e), and 226.3 (SAC ¶¶ 61 & 62); and 1174 and 1174.5 (SAC ¶63). (Docket No. 29.)

Defendant ASL now moves to dismiss Plaintiffs' PAGA claim for failure to state a claim upon which relief may be granted. Plaintiffs oppose the motion.

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual

---

[1] Plaintiff's FAC added five new defendants: AIM Southern California, Inc.; American Metal and Iron, Inc.; Dimond Metals, Inc.; Big H Enterprises, Inc.; and Howard Misle. Plaintiffs claim that the four new corporate defendants were "under the common direction and control" of new individual defendant Howard Misle and other common administrative and managerial staff of ASL. Plaintiffs thus contend that the new corporate defendants' operations were "inextricably interrelated" with those of ASL. (SAC ¶¶ 4-5.)

2

allegations pled in the complaint must be taken as true and reasonable inferences draw from them must be construed in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001).

## DISCUSSION

ASL argues that Plaintiff's PAGA claim can be dismissed because Plaintiff has failed to allege facts establishing timing filing and "the SAC lacks any basis on which the Court could find that Plaintiffs complied with any relevant statute of limitation." (Mot. 3.; see also Reply 2-3.) ASL is correct that allegations of time are material when testing the sufficiency of a pleading. *See* FED. R. CIV. P. 9(f). Rule 9(f), however, does not require specific allegations of time and place, but merely states that such allegations are material if they are made. *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 9.07[1] (3d ed. 2010).

Plaintiffs' SAC provides that they were employees of ASL "for some time during the last four years" prior to the filing of the original complaint in this action in March 2009. (SAC ¶ 1.) This is the only reference in the SAC to Plaintiffs' periods of employment at ASL. However, for the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear from the face of the complaint. *See Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)). There is no such clarity here. There is dispute among the parties as to whether a one-year or a three-year statute of limitations applies.

3

**United States District Court**
For the Northern District of California

(Mot. 2; Opp'n 3-11; *see also* Cal Code of Civ. P. §§ 338(a) & 340(a).)  Because it is plausible on the face of the complaint -- even with the Plaintiffs' limited description of their periods of employment -- that Plaintiffs claims fall within even a one-year statute of limitations, the court cannot dismiss Plaintiffs' PAGA claim on this basis.[2]  Indeed, where the running of the statute of limitations cannot be determined on the face of the complaint, such a defense is more properly determined on a motion for summary judgment.  *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

Accordingly, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 8, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties' moving papers focus heavily on the applicable statute of limitations (whether it is one year or three years).  But because Plaintiffs' SAC does not provide a date on which Plaintiffs' employment at ASL ended, and it is thus plausible that the alleged violations occurred within one year of the filing of the original complaint, a determination of the applicable statute of limitations will not be made at this time.

**C09-00997 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Elizabeth Marie Pappy | epappy@mffmlaw.com, cmacias@mffmlaw.com |
| Mark B. Fredkin | mfredkin@mffmlaw.com, crogers@mffmlaw.com, dolson@mffmlaw.com, dwaslif@mffmlaw.com, gdent@mffmlaw.com, jlira@mffmlaw.com, mramos@mffmlaw.com, wsiamas@mffmlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**