**\*\* E-filed February 8, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWIN MARTINEZ, et al., | No. C09-00997 HRL |
| Plaintiffs, | **ORDER (1) TAKING UNDER SUBMISSION PLAINTIFFS' MOTION TO COMPEL AND (2) GRANTING PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE** |
| v. | |
| ANTIQUE & SALVAGE LIQUIDATORS, INC., et al., | |
| Defendants. | **[Re: Docket Nos. 50, 52]** |

## BACKGROUND

This is a wage-and-hour action between Edwin Martinez, Roger Lindolfo, Wilmer Ruiz, Gabriel Franco, Oscar Rodriguez, and Amado Martinez (collectively, "Plaintiffs") and their former employer Antique & Salvage Liquidators, Inc. ("ASL") and its owner Howard Misle ("Misle") (collectively, "Defendants").[1] Plaintiffs bring various claims for violation of state and federal labor statutes. Docket No. 29 ("Second Amended Complaint" or "SAC").

Plaintiffs bring two discovery motions. In the first, they move to compel a further response to their Request for Production of Documents ("RFP") No. 9 (Docket No. 52 ("MTC")), and in the second, they request that the Court issue an order to nonparty Chris Oliverio to show cause why he

---

[1] Plaintiffs' claims against four other defendants were voluntarily dismissed via stipulation of the parties on January 20, 2011. Docket No. 64.

should not be sanctioned for failure to appear for deposition (Docket No. 50 ("Application")). Oral argument was heard on the motions on February 1, 2011, and each are discussed in turn below.

## DISCUSSION

A. <u>Plaintiffs' Motion to Compel</u>

Plaintiffs' move to compel ASL to produce documents requested by Plaintiffs' Request for Production of Documents No. 9. <u>See</u> MTC. This RFP originally requested any and all emails between Misle and any ASL employee. The parties subsequently agreed to narrow the request, and ASL agreed to produce all emails between Misle and four ASL employees: William McGeever, Chris Oliverio, Dave Lewis, and Steve Hart. Plaintiffs say that ASL has "nearly satisfied" that agreement: while ASL has produced emails from these four employees <u>to</u> Misle, it did not produce any emails <u>from</u> Misle to these four employees.

ASL's opposition simply states that all responsive documents have been produced. Docket No. 57 ("MTC Opp'n"). In support of this statement, ASL submitted a declaration from Misle. Docket No. 59 ("Misle MTC Decl."). In it, he says that he has two email accounts that he uses for business purposes: his company email account and his personal AOL email account. Misle MTC Decl., ¶ 3, 4. Regarding his company email account, Misle states that he "authorized and instructed that a search be done of the office e-mail system for any [responsive] e-mails" and "[i]t is my understanding that any and all such e-mails that still exist in our system were produced." <u>Id</u>., ¶ 3. He further states that he deletes emails from the "deleted" folder of his work email account every other week. <u>Id</u>. Regarding his AOL email account, Misle states that he deletes emails from this account every day. <u>Id</u>., ¶ 4. He also says that he instructed his assistant to contact AOL "to determine whether their system maintains deleted e-mails and for how long," and he attached AOL's email retention policy that is available from AOL's website. <u>Id</u>., ¶ 5; Ex. A.

Defendants' counsel, Elizabeth Pappy, also submitted a declaration stating that she produced all of the emails contained in the company's system, but she made no mention of Misle's AOL account. Docket No. 58 ("Pappy MTC Decl."), ¶ 3, 4.

While Plaintiffs' acknowledge in their reply that ASL cannot produce documents it does not have, they also challenge the sufficiency of Misle's and Pappy's declarations, and rightfully so.

2

With respect to Misle's company email account, Plaintiffs point out that Misle says he deletes emails from the "deleted" folder of his work email, but he says nothing about emails in his "sent" folder (e.g., whether he also deletes emails from his "sent" folder every other week as well or if he manually moves his sent emails to his "deleted" folder after he sends them).  With respect to Misle's AOL email account (which Plaintiffs incorrectly describe as his Yahoo! email account), they similarly point out that Misle says nothing about his sent emails.  They also note that the AOL retention policy Misle included with his declaration is problematic because: (1) it describes two default settings, one for a "unified inbox" and one for a "new/old" inbox, and Misle never stated which one applies to his email account; and (2) assuming Misle's default setting is a "unified inbox," the AOL policy states that sent emails remain in the sent folder until the user manually deletes them (while emails in the "recently deleted" or "trash" folders are automatically deleted after 7 days).  See Misle MTC Decl., ¶ A.

Given these deficiencies, the Court instructs Misle to submit an additional declaration within 7 days from the date of this order.  In the declaration, Misle shall describe in detail the steps he takes when deleting emails, whether received or sent, from either of his two email accounts.  In addition, Misle shall state when he began to delete emails according to these steps and whether he began doing so before or after he first received notice of Plaintiffs' claims.  Until Misle files his supplemental declaration, Plaintiffs' motion to compel is taken under submission.[2]

B.   Plaintiffs' Application for an Order to Show Cause

On November 29, 2010, Plaintiffs personally served non-party and ASL employee Chris Oliverio with a subpoena requiring Oliverio's attendance at a deposition noticed for December 6, 2010.  See Application.  Oliverio did not show up for the deposition noticed, and Plaintiffs say that subsequent efforts to reschedule the deposition have been unsuccessful.  Rather than filing a motion to compel Oliverio's deposition, Plaintiffs filed an application for the Court to issue an order to show cause why Oliverio's should not be held in contempt.

---

[2] Misle filed a supplemental declaration attempting to address this issue on February 4, 2011. Docket No. 68. However, because his supplemental declaration does not address the Court's specific questions as described above, Misle shall submit another supplemental declaration.

In support of such an order, Plaintiffs cite to Rule 45(e), which provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(e). "The only sanction available against *nonparties* for failure to comply with deposition subpoenas is a contempt citation. There is no authority for any other sanction (except reimbursement of expenses on a motion to compel)." SCHWARZER, ET AL., CALIFORNIA PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL § 11.2460 (emphasis in original) (citations omitted). However, "[i]f a contempt sanction is sought, the nonparty has a right to be heard in a meaningful manner." Id. at § 11:2461 (citation omitted).

Accordingly, the Court will grant Plaintiffs' their requested relief and issue an order requiring Oliverio to show cause why he should not be sanctioned for his failure to appear for his deposition. Plaintiffs shall personally serve Oliverio with the order to show cause requiring Oliverio to either agree to appear for his deposition or to appear before this Court to explain his failure to do so.

**CONCLUSION**

Based on the foregoing:

1. Plaintiffs' motion to compel is TAKEN UNDER SUBMISSION; and
2. Plaintiffs' application for an order to show cause is GRANTED.

Misle shall file a supplemental declaration within 7 days from the date of this order.

**IT IS SO ORDERED.**

Dated: February 8, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C09-00997 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Donn Waslif | dwaslif@mffmlaw.com, dolson@mffmlaw.com, gbirkheimer@mffmlaw.com |
| Elizabeth Marie Pappy | epappy@mffmlaw.com, cmacias@mffmlaw.com |
| Mark B. Fredkin | mfredkin@mffmlaw.com, crogers@mffmlaw.com, dolson@mffmlaw.com, dwaslif@mffmlaw.com, gdent@mffmlaw.com, jlira@mffmlaw.com, mramos@mffmlaw.com, wsiamas@mffmlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**