**\*\* E-filed February 25, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWIN MARTINEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTIQUE & SALVAGE LIQUIDATORS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C09-00997<br><br>**ORDER (1) MODIFYING FEBRUARY 8, 2011 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>**[Re: Docket Nos. 70, 74]** |

**BACKGROUND**

This is a wage-and-hour action between Edwin Martinez, Roger Lindolfo, Wilmer Ruiz, Gabriel Franco, Oscar Rodriguez, and Amado Martinez (collectively, "Plaintiffs") and their former employer Antique & Salvage Liquidators, Inc. ("ASL") and its owner Howard Misle ("Misle") (collectively, "Defendants").[1] Plaintiffs bring claims for violation of state and federal overtime law under California Labor Code § 510 and the Fair Labor Standards Act, 29 U.S.C. § 207 (first and second causes of action); failure to provide meal and rest periods in violation of California Labor Code § 226.7 (third cause of action); failure to pay wages due and waiting time penalties in violation of California Labor Code § 203 (fourth cause of action); violation of California Business

---

[1] Plaintiffs' claims against four other defendants were voluntarily dismissed by stipulation of the parties on January 20, 2011, after this motion was fully briefed. Docket No. 64. As such, none of the parties' arguments concerning these defendants will be discussed.

and Professions Code § 17200 (fifth cause of action); failure to provide proper pay statements in violation of California Labor Code § 226 (sixth cause of action); and violation of California Labor Code § 558 and the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 et seq. (seventh cause of action). Docket No. 29 ("Second Amended Complaint" or "SAC").

Defendants moved for summary judgment against Misle and ASL. As to Misle, Defendants moved for summary judgment on all of Plaintiffs' claims. Docket No. 46 ("SJ Motion"). On February 8, this Court granted in part and denied in part Defendants' motion. Docket No. 70 ("Summary Judgment Order" or "SJ Order"). With respect to Misle, the Court granted Defendants' motion "as to Plaintiffs' first, third, fourth, sixth, <u>and seventh</u> causes of action against Misle since [he] is not an 'employer' under California law." SJ Order at 14 (emphasis added).[2]

On February 19, Plaintiffs moved for leave to file a motion for the Court to reconsider its ruling as set forth in the Summary Judgment Order. Docket No. 74 ("Motion"). Plaintiffs contend that the Court's ruling as to Misle's liability under their seventh cause of action was outside the scope of Defendants' motion for summary judgment and manifestly contrary to law. Id. at 1. Defendants oppose Plaintiffs' motion. Docket No. 77 ("Opp'n").

## DISCUSSION

Plaintiffs' challenge the Court's Summary Judgment Order on two grounds. First, they argue that Misle may be liable under PAGA for violation of California Labor Code § 558 even if he is not an "employer" under California law, and they are correct. Motion at 2-3. PAGA, which permits an aggrieved employee to enforce any provision of the California Labor Code that provides for a civil penalty, makes no reference to an "employer" and contains no limitation on who can be liable for Labor Code violations. Cal. Lab. Code § 2699(a); <u>Ochoa-Hernandez v. Cjaders Foods, Inc.</u>, No. C08-02073 MHP, 2009 WL 1404694, at *4 (N.D. Cal. May 19, 2009). California Labor Code § 558, "which can be enforced under PAGA because it provides for a civil penalty for violations of the Labor Code, allows liability to lie with an employer *or* a person who acts on behalf of an employer." <u>Ochoa-Hernandez</u>, 2009 WL 1404694, at *4 (emphasis in original); <u>see also</u> Cal.

---

[2] The Court also granted Defendants' motion as to Plaintiffs' second and fifth causes of action against Misle insofar as Plaintiffs' claims are based upon conduct occurring before February 11, 2008, and denied their motion as to Plaintiffs' second and fifth causes of action against Misle insofar as they are based upon conduct occurring on or after February 11, 2008. SJ Order at 14.

2

Lab. Code § 558. In other words, even though the Court found that Misle was not an "employer" under California law, he could still be liable under PAGA for violation of California Labor Code § 558.

Second, Plaintiffs point out that Defendants' only moved for summary judgment as to the PAGA claim against Misle on statute of limitations grounds, and since the Court denied Defendants' motion in this regard, the Court should not have granted summary judgment as to the seventh cause of action. Motion at 2. While it is true that a district court has authority to grant summary judgment *sua sponte* where it finds no genuine dispute on an issue, "'a litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue. . . .'" O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir. 1996) (citing Buckingham v. United States, 998 F.2d 735, 742 (9th Cir. 1993)). "'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" Id. (quoting Portsmouth Square Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985)).

Here, the parties only briefed the PAGA claim in relation to the statute of limitations argument. Defendants argue that the Court's ruling nevertheless has support because there was extensive discussion of Misle's role and activities at ASL and, as the Court found, "the evidence presented shows that Misle was responsible for establishing business policy decisions and making high-level decisions and generally was not involved with ASL's day-to-day operations and never had any involvement in the hiring, firing, hours, breaks, or compensation of Plaintiffs . . . ." Opp'n at 2 (citing SJ Order at 7). Even so, the Court does not believe that Plaintiffs had reasonable notice that their PAGA claim would be challenged on a non-statute of limitations ground. Thus, the Court erroneously granted summary judgment in favor of Misle as to Plaintiffs' seventh cause of action.

## CONCLUSION

In light of the foregoing, the Court modifies its Summary Judgment Order to reflect the following as to Misle:

1. summary judgment is granted as to Plaintiffs' first, third, fourth, and sixth causes of action against Misle since he is not an "employer" under California law;
2. summary judgment is denied as to Plaintiffs' seventh cause of action against Misle;

3

3. summary judgment is granted as to Plaintiffs' second and fifth causes of action against Misle insofar as Plaintiffs' claims are based upon conduct occurring before February 11, 2008;

4. summary judgment is denied as to Plaintiffs' second and fifth causes of action against Misle insofar as they are based upon conduct occurring on or after February 11, 2008.

Because the Court has modified its Summary Judgment Order to reflect that Plaintiffs' seventh cause of action is denied as to Misle, the Court DENIES AS MOOT Plaintiffs' motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: February 25, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C09-00997 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Donn Waslif | dwaslif@mffmlaw.com, dolson@mffmlaw.com, gbirkheimer@mffmlaw.com |
| Elizabeth Marie Pappy | epappy@mffmlaw.com, cmacias@mffmlaw.com |
| Mark B. Fredkin | mfredkin@mffmlaw.com, crogers@mffmlaw.com, dolson@mffmlaw.com, dwaslif@mffmlaw.com, gdent@mffmlaw.com, jlira@mffmlaw.com, mramos@mffmlaw.com, wsiamas@mffmlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**