**\*\* E-filed October 26, 2011 \*\***

ADAM WANG, Bar No. 201233
ADAM PEDERSEN, Bar No. 261901
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 708
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Attorney for Plaintiffs

UNITED STATES FEDERAL COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWIN MARTINEZ, ROGER LINDOLFO, WILMER RUIZ, GABRIEL FRANCO, OSCAR RODRIGUEZ, CARLOS AVILA, GUSTAVO MEJIA and AMADO MARTINEZ,<br><br>Plaintiffs,<br>vs.<br><br>ANTIQUE & SALVAGE LIQUIDATORS, INC. dba ASSET SERVICES AND LIQUIDATORS aka ASL RECYCLING aka ASL, AMI SOUTHERN CALIFORNIA, INC., AMERICAN METAL AND IRON, INC., DIMOND METALS, INC., BIG H ENTERPRISES, INC., HOWARD MISLE and DOES 1-10<br>Defendants | Case No.: C09-997 HRL<br><br>STIPULATION FOR APPROVAL OF SETTLEMENT<br><br>**(AS MODIFIED BY THE COURT)** |

Plaintiffs, EDWIN MARTINEZ, ROGER LINDOLFO, WILMER RUIZ, GABRIEL FRANCO, OSCR RODRIGUEZ, CARLOS AVILA, GUSTAVO MEJIA and AMADO MARTINEZ, and Defendants ANTIQUE & SALVAGE LIQUIDATORS, INC. (ASL) and

1

**STIPULATION FOR APPROVAL OF SETTLEMENT**

HOWARD MISLE[1], through their respective counsel, hereby stipulate for the approval by this Court of the settlement pursuant to California Labor Code § 26999 (l) as follows:

1. On March 6, 2009, Plaintiffs first filed their original Complaint against Defendant Antique & Salvage Liquidators, Inc. (ASL) to recover unpaid wages for violation of state and federal overtime law under California Labor Code § 510 and the Fair Labor Standards Act, 29 U.S.C. § 207 (first and second causes of action); failure to provide meal and rest periods in violation of California Labor Code § 226.7 (third cause of action); failure to pay wages due and waiting time penalties in violation of California Labor Code § 203 (fourth cause of action); violation of California Business and Professions Code § 17200 (fifth cause of action); failure to provide proper pay statements in violation of California Labor Code § 226 (sixth cause of action).

2. On February 11, 2010, Plaintiffs filed their First Amended Complaint (FAC), alleging an additional claims for civil penalties under California Labor Code § 558 pursuant to California Labor Code Private Attorney General's Act, § 2699, *et seq.* (PAGA)[2].

3. On February 8, 2011, this Court entered a ruling that all PAGA civil penalties have only one year statute of limitations, and the PAGA claims dated back to March 6, 2009. (Dkt. No. 70).

4. On December 18, 2008, the Plaintiffs were laid off from ASL, and ASL stopped doing business shortly thereafter.

5. On March 29, 2011, parties reach a Settlement Agreement as follows:

   a. Individual Defendant Howard Misle will pay total $32,500 to 8 Plaintiffs and Plaintiffs' counsel, of which each Plaintiff will receive $1,000, and Plaintiffs' counsel will receive $24,500.

---

[1] All other Defendants, AMI SOUTHERN CALIFORNIA, INC., AMERICAN METAL AND IRON, INC., DIMOND METALS, INC., BIG H ENTERPRISES, INC. ,have been previously dismissed.
[2] On March 29, 2010, Plaintiffs subsequently filed a Second Amended Complaint, correcting certain omissions and errors in FAC.

     b.    In addition, parties stipulate to a judgment against ASL for amounts to be paid to 8 Plaintiffs, respectively: (i) $17,427 for Oscar Peralta; (ii) $14,671.50 for Wilmer Ruiz; (iii) $18,553.50 for Carlos Avila; (iv) $15,436.01 Amado Martinez; (v) $18,553.50 for Gabriel Franco; (vi) $14,671.50 for Edwin O. Martinez; (vii) $15,395.50 for Roger Lindolfo; (viii) $18,553.50 for Gustavo Mejia.

6. This settlement extinguishes all claims for civil penalties under PAGA by any employee, whether a party to this action or not, but would not bar any employee of ASL who is not a party to this case from bringing any valid individual claims under the Labor Code for wages and any statutory claims.

7. A copy of the Settlement Agreement is attached hereto as Exhibit A; and form of the Stipulated Judgment as Exhibit B.

8. Pursuant to PAGA, California Labor Code § 26999 (l), parties are required to seek approval of the dismissal of PAGA claims in this settlement.  According to the terms of the Settlement Agreement, although this Settlement would dismiss the wage portion of the civil penalties under Labor Code § 558, absent employees' right to pursue their unpaid wages are preserved have not been compromised.  Therefore the Settlement Agreement would only extinguish penalties against ASL the recovery of which is not realistic as ASL has gone out of business since December 2008. While the individual Defendant Misle's liability for penalty portion of claims under Labor Code § 558 was not decided by the Court (see Dkt. No. 80), there is substantial uncertainty as to whether Plaintiffs will be able to meet their burden to establish that under § 558 Misle's involvement in the operations of ASL can be characterized as one that, while acting on behalf of ASL, had "violated" or having "caused to be violated" Labor Code giving rise to the claims as alleged in this case.  As such, parties believe that the dismissal of the PAGA claims for civil penalties is a reasonable compromise.

9. The Court is authorized to approve a settlement where, like here, no monetary amount is required for PAGA civil penalties claims. See <u>Nordstrom Commission Case</u>, 186 Cal.App.4th 576, at 589 (2010) (*when an otherwise reasonable and fair settlement is reached that disposes of claims for civil penalties under PAGA, parties are not required to allocate any portion of the proposed Settlement for PAGA penalties*).

10. Therefore, parties request that the Court approve the Settlement Agreement as attached hereto as Exhibit A; and enter the Stipulated Judgment against ASL as attached hereto as Exhibit B.

11. Parties agree this Court should retain its jurisdiction over this matter for the purpose of enforcing the Settlement Agreement for a period of six months following the entry of judgment.

Dated: May 24, 2011          By: /s/ Adam Wang          .
                                  Adam Wang
                                  Attorney for Plaintiffs

Dated: May 24, 2011          By: /s/ Elizabeth Pappy          .
                                  Elizabeth Pappy
                                  Attorney for Defendants

---

### [PROPOSED] ORDER

Pursuant to parties' stipulation, having considered the terms of the Settlement Agreement, this Court finds the Settlement Agreement disposing PAGA claims is fair and reasonable.

THEREFORE, the Settlement Agreement disposing PAGA penalty claims is hereby APPROVED.

**STIPULATION FOR APPROVAL OF SETTLEMENT**

1     A Judgment will be entered against ANTIQUE & SALVAGE LIQUIDATORS, INC. as
2 stipulated by parties.
3     This Court will retain jurisdiction for the purpose of enforcing the Settlement Agreement.
4     IT IS SO ORDERED.

6 Dated: October 26, 2011     By: _____
                                        Howard R. Lloyd
7                                         United States Magistrate Judge

**STIPULATION FOR APPROVAL OF SETTLEMENT**

**C09-00997 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com |
| Adam Pederson | alpedersen@gmail.com |
| Donn Waslif | dwaslif@mffmlaw.com |
| Elizabeth Marie Pappy | epappy@mffmlaw.com |
| Mark B. Fredkin | mfredkin@mffmlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California